UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BARRY KENT VERHOW (#00-B-2556),   **DECISION AND ORDER**

                            Plaintiff,   13-CV-00012-JJM

v.

CORRECTION OFFICERS HESS and SOWA,

                            Defendants.

_____

        Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se*, alleging that while he was still in an unconscious state following a surgical procedure to his right hand on January 13, 2010, defendants subjected the surgically repaired hand to excessive force. Complaint [1], ¶¶14-15. When he was returned to Collins Correctional Facility, a Tele-Med consultation occurred with medical staff from the Erie County Medical Center ("ECMC") on January 17, 2010, whereupon he was transported to ECMC for emergency medical care. Id., ¶20.

        Before me is plaintiff's request for non-party subpoenas pursuant to Fed. R. Civ. P. ("Rule") 45 for production of "either video recorded or digitalized computer records and/or reproduction, reprints or authentic copies of the photographs taken of [his] injuries (right hand) during the course of a Tele-Med conference held . . . on January 17, 2010". Plaintiff's Request for Subpoenas [20], p. 1 of 4.[1] Since plaintiff has *in forma pauperis* status, he also seeks an order "directing proper service via the United States Marshal Service upon [ECMC's] representative". Plaintiff's Declaration [20], ¶6.

---

[1] Plaintiff's first request for a subpoena sought records from a January 17, 2013 Tele-Med conference [17]. Following defendants' response indicating that no conference occurred that day, plaintiff responded by filing his current request with the correct date. Therefore, plaintiff's initial request is denied as moot.

## ANALYSIS

Rule 45(a)(3) provides that "[t]he clerk must issue a subpoena, signed, but otherwise in blank, to a party who requests it".  However, "'a district court may, in its discretion, screen an indigent's subpoena requests and, under certain circumstances, relieve the Marshals Service of their statutory duty to make service'".  Smith v. Benson, 2011 WL 839736, *1 (W.D.N.Y. 2011) (Schroeder, M.J.) (*quoting* Jackson v. Brinker, 1992 WL 404537 (S.D.Ind. 1992)).

Defendants have responded that Tele-Med conferences are not recorded by Collins (Kaczor Declaration [22], ¶5), but take no other position on plaintiff's request.  Since defendants' representation does not foreclose the possibility that ECMC may have recorded the Tele-Med session, plaintiff's request is granted.

With respect to plaintiff's request for service by the United States Marshal Service, this Court's *Pro Se* Litigation Guidelines (revised August 2013) provide that "[w]here one is granted permission to proceed *in forma pauperis*, he or she may be granted service of subpoenas by the United States Marshal without paying the fee" (id., p. 20).  Service may be accomplished by use of certified mail.  *See* Smith, 2011 WL 839736 at *1.

## CONCLUSION

For these reasons, plaintiff's request for a subpoena [20] is granted.  The Clerk of the Court is to issue a blank subpoena *duces tecum* to plaintiff, and to forward it to him together with the copy of this order and a United States Marshals Service form (USM–285) to obtain

service of the subpoena. Plaintiff shall complete the front of the subpoena only with respect to the materials sought from ECMC. Plaintiff must then forward the subpoena to the Clerk of the Court with the completed United States Marshals Service form for service of the subpoena. Upon receipt, the Clerk of the Court is directed to cause the United States Marshals Service to serve the subpoena on ECMC by certified mail. *See* Smith, 2011 WL 839736 at *2 (implementing a similar procedure).

**SO ORDERED.**

Dated: January 27, 2014

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge